Leonard R. Berman
9220 SW Barbur Blvd.,  Suite 119, Box 180
Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com

<u>ATTORNEY FOR PLAINTIFF</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| ANTHONY BROWN, | : | Case No. 6:21-CV-1866 |
| | : | |
| Plaintiff, | : | |
| | : | COMPLAINT |
| | : | ( 42 USC 1983, Eighth Amendment, |
| v. | : | Cruel and Unusual Punishment. |
| | : | Battery, Intentional Infliction of |
| | : | Emotional Distress, Negligent |
| | : | Infliction of Emotional Distress |
| | : | Negligence, Medical Negligence) |
| LANE COUNTY, | : | |
| DR. ALFREDO VELEZ, Personally, | : | |
| NATHAN L. GENT, Personally, | : | |
| WELLPATH,  LLC, | : | |
| JOHN/JANE DOES 1-5, Personally, | : | |
| Defendants. | : | |

I. INTRODUCTION

1. Pursuant to 42 USC §1983, Plaintiff Patterson alleges that Defendants violated his 8th Amendment rights by subjecting or causing

2. Plaintiff seeks awards of economic damages, non-economic damages, and

1  COMPLAINT

attorney fees and litigation expenses/costs against Defendants Velez, Gent, John/Jane Does, and Lane County, WellPath, Inc.

3. Plaintiff also seeks an award of punitive damages against individual Defendants under federal law.

II. JURISDICTION

4. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC §§1331, 1343, and 1367.

III. PARTIES

5. At all material times herein, Plaintiff Brown was a resident of Lane County in the State of Oregon.

6. At all material times herein, Defendants Gent , Velez,  a were  Lane County employees,  John/ Jane Does 1-5 were medical and corrections staff, working in the course  and scope of their employment. WellPath, LLC contracted for health services.

7. At all material times herein, Defendant Lane County ("County") was and is a public body responsible under state law for the acts and omissions of its law enforcement officers and other employees. At all times material herein, Defendants acted under color of state law.

IV.     FACTS

8. On or about December 30, 2019, Anthony Brown was a sentenced inmate in the Lane County Jail (LCJ), aka Lane County Adult Correctional Facility (LCACF).

2  COMPLAINT

He was treating for mental health issues with staff Psychiatrist Alfredo Velez.

9. At no time did Plaintiff treat for seizures or epilepsy. However, on or about December 30-31, per Dr. Velez's orders, he was prescribed and ingested the following seizure and psychotropic drugs for no apparent reason, to wit, divalproex (Depakote), duloxetine (Cymbalta) and escitalopram (Lexapro). Plaintiff believes that these were medications intended for a different patient, and that he suffered from Serotonin Syndrome.

10. The side effects of these medications include dizziness, incoherence, dazed and confused demeanor, odd behavior, muscular rigidity, and non-responsiveness.

11. On or about January 1, 2020, Mr. Brown descended into a five-six day semi-blackout, until on or about January 6 from which he has snippets of recollection, and remembers sleeping constantly and being mostly incoherent.

12. During this period he fell three times hitting his head on or about January 1, 2, and 3 in his cell, in the medical-segregation (Med-Seg) unit and in the open dayroom.

13. On or about January 3, 2020, a corrections officer Nathan Gent dealt violently with a medically-addled, disoriented and physically "non-compliant" Brown, and in the process of subduing him in the med-seg unit, slammed him to the ground, mistook his medically-induced rigidity with defiance and dislocated his right shoulder, and slammed him to the ground grinding his his knee in Brown's neck and back.

14. At no time did Brown obtain hospitalization or outside treatment, despite so requesting transport.

3  COMPLAINT

15. As a proximate result of the medical prescription poisoning and violent treatment by Gent, Mr. Brown suffered pain, anguish, discomfort, severe emotional distress,

16. PTSD, nightmares, repeated injury to the back of his head, a dislocated shoulder that was never treated in custody.  He suffers with flashbacks to this day and treats for his ongoing severe emotional distress.

17. Plaintiff sent a timely Notice of Tort Claim to Lane County.

### V. FIRST CAUSE OF ACTION
(§1983 – 8th Amendment Violation)
FIRST CLAIM FOR RELIEF
(Medical Neglect and Prescription Poisoning)

18.  As applicable, Plaintiff incorporates the above.

19. As described above, Lane County, WellPath, Dr. Velez and medical staff violated Mr. Brown's right not to be subjected to prescription poisoning for six days, and ensuing injury and trauma, as guaranteed by the 8th Amendment of the United States Constitution.

20.  As a result of the above, Mr. Brown is entitled to an award of economic and noneconomic damages against the individual Defendant in an amount to be determined at trial.

21. As a result of the above, Mr. Brown is entitled to an award of punitive damages against the individual officer in an amount to be determined at trial.

22. Mr. Brown should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

### SECOND CLAIM FOR RELIEF

4  COMPLAINT

23. As applicable, plaintiff incorporates the above.

24. The violent and tortious treatment of a non-responsive plaintiff by Gent on or about January 3, 2020 constituted Cruel and Unusual Punishment.

V. SECOND CAUSE OF ACTION
(State Claims)
FIRST CLAIM FOR RELIEF
(Battery)

25. As applicable, Plaintiff incorporates the above.

26. The violent and tortious treatment of a non-responsive plaintiff by Gent on or about January 3, 2020 constituted Battery.

SECOND CLAIM FOR RELIEF
(Negligence)

Lane County was negligent in one or more of the following particulars:

(a) Failing to administer training and to timely and appropriately hire, train, supervise and discipline or fire employees regarding medical treatment and properly medicating inmates;

(b) Failing to administer training and to timely and appropriately hire, train, supervise and discipline or fire employees regarding the transport, handling and custodial treatment of non-responsive and ill inmates;

27. As a direct result of the negligence of the County, and as a substantial factor and legal cause thereof, Mr. Brown has suffered noneconomic damages against the County in an amount to be determined at trial.

28. Mr. Brown should be awarded his costs against the City.

5   COMPLAINT

SECOND CLAIM FOR RELIEF
(Medical Negligence)

29.   As applicable, Plaintiff incorporates the above.

30.   Lane County and Dr. Velez and medical staff committed medical negligence in its prescription poisoning of plaintiff and the ensuing emotional, psychological and physical injuries to his mind, body and soul, head, arms, shoulder neck, and the treatment fell below the proper medical standard of care for the community.

31. As a direct result of the tortious conduct of the employee of the County, and as a substantial factor and legal cause thereof, Mr. Brown has suffered economic and noneconomic damages against the County in an amount to be determined at trial.

32.   Mr. Brown should be awarded his costs against the County.

THIRD CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

33.  As applicable, Plaintiff incorporates the above.

34.   The conduct of Lane County, Nathan Gent and Dr. Velez and medical staff committed medical negligence in its prescription poisoning of plaintiff and the ensuing emotional, psychological and physical injuries to his mind, body and soul, head, arms,

6   COMPLAINT

shoulder neck, constituted Intentional Infliction of Emotional Distress.

FOURTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)

35. The conduct of Lane County, Nathan Gent and Dr. Velez and medical staff committed medical negligence in its prescription poisoning of plaintiff and the ensuing emotional, psychological and physical injuries to his mind, body and soul, head, arms, shoulder neck, constituted Negligent Infliction of Emotional Distress.

36 .DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands trials by jury.

PRAYER FOR RELIEF

A. WHEREFORE, Plaintiff Mr. Brown requests that this Honorable Court grants him the following relief:

B. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to Plaintiff in an amount to be determined by a Jury and/or the Court.

C. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for $1,000,000.00 in punitive damages for each.

D. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23

DATED this 23rd day of December, 2021.

Respectfully submitted by:

S//S Leonard R. Berman
Leonard R. Berman,
ATTORNEY FOR PLAINTIFF

7   COMPLAINT