IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANTHONY BROWN,

        Plaintiff,

    vs.

LANE COUNTY; DR. ALFREDO
VELEZ; NATHAN GENT; WELLPATH,
LLC; JOHN/JANE DOES 1-5,

        Defendants.

Case No. 6:21-cv-01866-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Anthony Brown seeks leave to proceed *in forma pauperis* ("IFP") in this civil rights action against Lane County; WellPath, LLC ("WellPath"); Dr. Alfredo Velez ("Dr. Velez"); Nathan Gent ("Gent"), and five unnamed medical and correctional staff. Doc. 2. For the reasons set forth below, plaintiff's Complaint, Doc. 1, is DISMISSED with leave to amend. The Court shall defer ruling on plaintiff's IFP petition pending submission of an amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With respect to the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. The plausibility standard . . .

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The

court is not required to accept legal conclusions, unsupported by alleged facts, as true.

*Id*.

## BACKGROUND

The following facts are taken from the Complaint and presented in the light

most favorable to plaintiff.

Defendant Dr. Velez is a staff psychiatrist at the Lane County jail.  Defendant

Gent is a corrections officer at the same facility.  Defendant WellPath is the health

care provider contracted to serve the Lane County jail.

In December 2019, plaintiff was incarcerated at Lane County Adult

Correctional Facility where he received mental health treatment from Dr. Velez.

Plaintiff asserts that Dr. Velez prescribed seizure and psychotropic medications "for

no apparent reason" and that those medications were "intended for a different

patient." Compl. at 3. Plaintiff states that, after taking the medications, he suffered

from "Serotonin Syndrome." *Id*. He then sets forth a list of the medication's side

effects, which include dizziness, odd behavior, muscular rigidity, and non-

responsiveness. *Id*.

Additionally, plaintiff alleges that in the days that followed, he remained in a

state of "semi-blackout" during which he fell and hit his head three times. He also

asserts that, because he was medically addled and physically non-compliant, Gent

mistook plaintiff's "medically-induced rigidity" with defiance and "dealt violently" with plaintiff by slamming him to the ground and dislocating his right shoulder. *Id.* Plaintiff alleges that he requested transport for hospitalization but his request was denied.

Plaintiff maintains that "as a proximate result" of the "medical prescription poisoning" and "violent treatment," he suffered physical injury and emotional anguish.

## DISCUSSION

Plaintiff alleges violations of his constitutional right to be free from cruel and unusual punishment under 42 U.S.C § 1983 against all defendants. Plaintiff also brings five state law tort claims, for which he asserts that he sent "timely Notice of Tort Claim to Lane County."

I.   *42 U.S.C. § 1983*

Plaintiff alleges, under 42 U.S.C § 1983, that defendants Lane County, WellPath, Dr. Velez, and the jail medical staff violated his rights under the Eighth Amendment by subjecting him to prescription poisoning. Further, that Gent subjected him to "violent and tortious treatment" constituting cruel and unusual punishment. Compl. at 4.

To state a claim under § 1983, a plaintiff must allege that (1) their federal rights were violated and (2) the violation was caused by the conduct of a person acting under color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

A.      *Lane County and WellPath*

As to defendants Lane County and WellPath, the facts alleged in plaintiff's Complaint fail the second prong required to state a claim under § 1983—that is, plaintiff does not set forth facts showing how Lane County or WellPath caused a violation of plaintiff's federal rights. *Anderson,* 451 F.3d at 1067.

Lane County is a local government entity, and WellPath is an entity presumably providing services for Lane County. To hold Lane County or WellPath liable under § 1983, plaintiff must show: (1) that he was deprived of his constitutional right; (2) that Lane County or WellPath had a policy; (3) that the policy "amounts to deliberate indifference" to his constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989).

Moreover, a government entity "cannot be held liable under § 1983 on a *respondeat superior theory*," that is, "solely because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs. of New York City*, 436 U.S. 658, 690-91 (1978) (emphasis in original). There must be a "direct causal link" between the entity's policy or custom and the injury, and the plaintiff must be able to demonstrate that the injury resulted from a "permanent and well settled practice." *Anderson*, 451 F.3d at 1067.

Here, plaintiff does not specify any conduct, custom, or policy on the part of Lane County or WellPath that amounted to a deliberate indifference to his rights. Further, he does not allege facts sufficient to show a causal connection between Lane County or WellPath and the harms identified in the Complaint. Plaintiff alleges Dr.

Velez prescribed medications that caused his injury, but his allegation fails to connect Dr. Velez's individual actions to a well-settled custom or policy attributable to either the County or WellPath. Even accepting that Dr. Velez is a Lane County employee, and that he prescribed to plaintiff medications intended for another patient, those actions do not, on their own, subject Lane County or WellPath to liability under § 1983 because plaintiff has not shown that Dr. Velez was implementing official policies of either entity or that such policies were the moving force behind a violation of his constitutional rights. Accordingly, the Complaint does not state a claim against Lane County or WellPath under § 1983.

      B.    *Unnamed Medical Staff*

Plaintiff's Complaint fails to set forth any facts involving actions taken by jail medical staff other than Dr. Velez. Individual defendants must be "integral participants" in the alleged violation of the plaintiff's federal rights to be liable under § 1983. *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 n. 12 (9th Cir. 2007). "[I]ntegral participation does not require that each [defendant's] actions themselves rise to the level of a constitutional violation. But it does require some fundamental involvement in the conduct that allegedly caused the violation." *Id*.

Plaintiff does not set forth any allegations that medical staff other than Dr. Velez participated or were involved in the alleged violation of his rights. Accordingly, plaintiff has failed to state a claim for relief under § 1983 against medical staff defendants.

C.    *Dr. Velez*

Plaintiff alleges that, when Dr. Velez prescribed him the seizure and psychotropic medications, he suffered subsequent injuries which amount to cruel and unusual punishment in violation of his Eighth Amendment rights. Plaintiff characterizes this claim as one of "medical neglect" and "prescription poisoning."

"[D]eliberate indifference" to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain," which is proscribed by the Eighth Amendment's prohibition on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, not every claim by a prisoner that he or she has received inadequate medical treatment rises to the level of an Eighth Amendment violation. An accident, although it may produce added anguish, is not on that basis alone, a wanton infliction of unnecessary pain. *Id.* at 105.   In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id.* at 105-6. In addition, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Id.* In order to state a cognizable claim, a prisoner must allege acts or omissions amounting to deliberate indifference to the prisoner's serious medical needs. *Id.* at 106.

In the instant case, plaintiff does not allege that Dr. Velez "deliberately" poisoned him with the prescribed medications—only that plaintiff "believe[d]" that the medications were "intended for another patient" and that there was no reason "apparent" to plaintiff for the medications. Compl. at 3. Plaintiff alleges something

Page 7 – OPINION AND ORDER

more akin to inadvertence or accident than deliberate or intentional conduct. Accordingly, the Complaint does not state a cognizable claim under § 1983 against Dr. Velez.

D.    *Gent*

Finally, plaintiff contends that Gent subjected him to "violent and tortious treatment" when plaintiff was "non-responsive," constituting cruel and unusual punishment. Compl. at 5.

An Eighth Amendment claim of excessive force ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 795 (9th Cir. 2018). When determining whether the force is excessive, the court may consider factors such as the extent of injury; the need for force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible official; and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

In this case, plaintiff asserts that Gent was "in the process of subduing" plaintiff, and "mistook" plaintiff's physical noncompliance with defiance, resulting in Gent "slam[ing]" plaintiff into the ground, griding his knee in plaintiff's neck and back, and dislocating plaintiff's shoulder. Compl. at 3. It appears from plaintiff's allegations that Gent's efforts to "subdue[e]" plaintiff were aimed at gaining his physical compliance, an act which Gent could have "reasonably perceived" necessary to "maintain or restore discipline." Plaintiff characterizes the force used as the result

of a mistake, rather than as an act of malice for the very purpose of causing harm. Based on the facts alleged, the force Gent deployed had a good faith purpose—subduing physical noncompliance—and was not an act based in malice, which is a necessary element to show a violation of plaintiff's rights under the Eighth Amendment. Therefore, plaintiff fails to state a claim for relief under § 1983 against Gent. If plaintiff decides to amend his Complaint, he should specify the facts necessary to show whether the force was needed to maintain discipline or whether the force was deployed in excess and with malice.

II.    *State Law Claims*

Plaintiff next brings five claims for relief under state law: battery, negligence, medical negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. Compl. at 6-7. Plaintiff asserts that defendants were acting within the course and scope of their employment at all material times. Plaintiff does not allege whether he has complied with the requirements of the Oregon Tort Claims Act ("OTCA"), ORS 30.260-300. If plaintiff decides to amend his Complaint, he should make a showing that he has brought his tort claims according to the provisions of the OTCA.

In consideration of factors set forth in 28 U.S.C. § 1915(e)(2)(B), plaintiff must address the following deficiencies identified with respect to his state law tort claims.

A.    *Medical Negligence*

Plaintiff alleges that Lane County, Dr. Velez, and jail medical staff "committed medical negligence in its prescription poisoning of plaintiff." Compl. at 6. However,

plaintiff fails to allege any facts specifying how Lane County or medical staff other than Dr. Velez were medically negligent or involved in prescribing medications to plaintiff at all. Accordingly, plaintiff's claim for medical negligence as to Lane County and medical staff is dismissed with leave to amend. If plaintiff decides to amend the Complaint, he should set forth facts demonstrating how each element of the claim of medical negligence is satisfied against each defendant.

B.    *Intentional Infliction of Emotional Distress*

Plaintiff fails to state a claim for intentional infliction of emotional distress. A claim for intentional infliction of emotional distress has three elements. The plaintiff must show: (1) that the defendants intended to cause the plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) that the defendants engaged in outrageous conduct—conduct extraordinarily beyond the bounds of socially tolerable behavior; and (3) that the defendants' conduct in fact caused plaintiff severe emotional distress. *McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102, 1121 (D. Or. 2016) (citing *House v. Hicks*, 218 Or.App. 348, 357–58, 179 P.3d 730 (2008)).

In this case, plaintiff alleged that Lane County, Gent, Dr. Velez, and medical staff "committed medical negligence." Plaintiff fails to allege the first element in a claim for intentional infliction of emotional distress: intentional conduct. Because plaintiff alleges negligent—rather than intentional—conduct, his fourth claim for relief is dismissed with leave to amend.

C.    *Negligent Infliction of Emotional Distress*

Page 10 – OPINION AND ORDER

In plaintiff's fifth tort claim, he alleges that Lane County, Gent, Dr. Velez, and medical staff "committed medical negligence in its prescription poisoning of plaintiff and the ensuing . . . physical injuries." Compl. at 7. Under circumstances like those here, Oregon law allows the plaintiff to recover damages for emotional distress when a defendant negligently causes foreseeable, serious emotional distress that infringes on some other legally protected interest. *Philibert v. Kluser*, 360 Or. 698, 702, 385 P.3d 1038, 1041 (2016). Freedom from physical harm is one such protected interest. *Id.* at 702.

Here, plaintiff's Complaint fails to allege any facts concerning how Lane County, Gent, or medical staff other than Dr. Velez negligently caused foreseeable, serious emotional distress. Plaintiff alleges that it was Dr. Velez who prescribed medications to plaintiff and that plaintiff's physical injuries directly resulted from the side effects. Accordingly, plaintiff's fifth claim for relief is dismissed as to Lane County, Gent, and unnamed medical staff defendants. If plaintiff decides to amend his Complaint, he should set forth facts demonstrating how each element of the claim for intentional infliction of emotional distress is satisfied against each defendant.

II.    *Other Issues*

At no point in plaintiff's complaint does he allege facts demonstrating liability for WellPath or Does 1 - 5 (who plaintiff also names "medical staff"). If plaintiff so decides, he should amend his Complaint to include a short and plain statement of his claims setting forth facts specifying how WellPath and Does 1 - 5 have harmed him, and why those defendants should be held liable for his injuries.

Page 11 – OPINION AND ORDER

CONCLUSION

For the reasons stated above, plaintiff's Complaint (doc. 1) is DISMISSED. Because the deficiencies identified above might be remedied by the allegation of additional facts, dismissal shall be with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Failure to do so within the allotted time will result in a judgment of dismissal without further notice.

IT IS SO ORDERED.

Dated this  21st  day of  January  2022.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge

Page 12 – OPINION AND ORDER