IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANTHONY BROWN,

    Plaintiff,

vs.

LANE COUNTY; DR. ALFREDO VELEZ; NATHAN L. GENT; WELLPATH, LLC; JOHN/JANE DOES 1-5,

    Defendants.

Case No. 6:21-cv-01866-AA

**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Anthony Brown proceeds *in forma pauperis* ("IFP") in this civil rights action against Lane County; Wellpath, LLC ("Wellpath"); Dr. Alfredo Velez ("Dr. Velez"); Nathan Gent ("Gent"), and five unnamed medical and correctional staff. According to 28 U.S.C. § 1915, the Court screened Plaintiff's Complaint and dismissed it with leave to amend, ECF No. 7, and Plaintiff filed his First Amended Complaint ("FAC"), ECF No. 12. The Court granted Plaintiff's motion to proceed IFP, ECF No.

Page 1 – OPINION AND ORDER

14, and later, his Motion to file a Second Amended Complaint ("SAC"), ECF No. 27. Now before the Court is Wellpath's and Dr. Velez's (together "Defendants") first and second Motions to Dismiss, ECF Nos. 18 and 30.  For the reasons explained, Defendants' first MTD, ECF No. 18, is DENIED as moot, and MTD, ECF No. 30 is GRANTED.

## BACKGROUND

### I.   Factual Background

Plaintiff was incarcerated at Lane County Adult Correctional Facility.  There, he received mental health treatment from Dr. Velez, a Wellpath employee.  Plaintiff alleges that Dr. Velez prescribed Plaintiff "seizure and psychotropic drugs for no apparent reason" resulting in Plaintiff suffering from "Serotonin Syndrome." SAC ¶ 9.  It is Plaintiff's belief that the medications were "intended for a different patient." *Id*.

Plaintiff alleges that in the days that followed treatment, he remained in a state of "semi-blackout" during which he fell and hit his head three times. *Id*. at ¶ 11-12. Plaintiff maintains that, because he was medically addled and physically non-compliant, Gent, a correctional guard, mistook Plaintiff's "medically-induced rigidity" with defiance and "dealt violently" with Plaintiff by "slamm[ing] him to the ground" and dislocating his right shoulder. *Id*. at ¶ 13.  Plaintiff alleges that Gent's report about the incident stated that Gent had placed his knee over Plaintiff's thigh to keep him from lifting his leg.  *Id*.  Plaintiff alleges that he requested transport for hospitalization, but that his request was denied.  *Id*. at ¶ 14.

Plaintiff maintains that "as a proximate result" of the "medical prescription poisoning" and "violent treatment," he suffered physical injury and emotional anguish. *Id*. at ¶ 16. Plaintiff filed his Complaint on December 23, 2021, along with an application to proceed IFP. *See* ECF Nos. 1 and 2. The Court dismissed the Complaint on January 21, 2022, with leave to amend, on grounds that Plaintiff failed to state a claim upon which relief could be granted, and thus failed to meet the standard for Plaintiff to proceed IFP. Order, ECF No. 7. In its Order, the Court explained what Plaintiff must do to successfully amend his Complaint. Defendants move to dismiss Plaintiff's claims against them under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Defendants contend that Plaintiff's minor and minimal revisions in the SAC do not rectify the issues the Court pointed out in its earlier Order and otherwise do not plausibly allege facts supporting Plaintiff's legal claims.

## LEGAL STANDARD

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*. The complaint must contain more than "naked assertion[s,]" "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to state a claim for relief. *Bell*, 550 U.S. at 555-57.

## DISCUSSION

### I.   42 USC § 1983 – Medical Neglect and Prescription Poisoning

Plaintiff alleges that under 42 USC § 1983, Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, based on "medical neglect and prescription poisoning." SAC ¶¶ 18-22. Plaintiff asserts that Dr. Velez prescribed medication "with the knowledge and intent that it had a high probability of causing, physical, psychological and emotional injury to plaintiff, and intentionally violated his Eighth and Fourteenth Amendment rights;" or, that "[i]n the alternative Dr. Velez was reckless and deliberatively indifferent to the health and safety of [Plaintiff] when he mis-prescribed medications." *Id*. at ¶ 19.

To state a claim under § 1983, a plaintiff must allege that (1) their federal rights were violated and (2) the violation was caused by the conduct of a person acting under color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). In the context of medical needs of prisoners, deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. An accident, although it may produce added anguish, is not on that basis alone to be characterized

as wanton infliction of unnecessary pain. *Id.* at 105. An inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." *Id.* at 105-106. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Id.* at 106. A prisoner must show that the physician was both "(a) subjectively aware of [a] serious medical need and (b) failed adequately to respond." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1018 (2010), citing *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010).

### A.  *Dr. Velez*

Despite the amended legal assertions in his SAC, Plaintiff maintains his initial factual allegation that Dr. Velez prescribed him medications that were intended for a different person. SAC ¶ 9. As this Court stated in its prior Order, Plaintiff's allegations support "something more akin to inadvertence or accident than deliberate or intentional conduct." Order at 7-8, ECF No. 7.

Defendants contend that Plaintiff's addition of the terms "knowledge and intent"; "intentionally violated"; and "reckless and deliberatively indifferent" to his legal assertions conflict with other factual allegations that Dr. Velez "mis-prescribed" medications or intended the medication "for a different person." MTD at 6-7. Plaintiff does not respond to this argument.

Notwithstanding that pleading in the alternative is permitted at this stage of litigation, and taking the facts in the SAC as true, the Court agrees that Plaintiff fails

to supply facts to support his legal conclusion that Dr. Velez's alleged misprescription constituted "an unnecessary and wanton infliction of pain" or that it was "repugnant to the conscience of mankind." *Gamble*, 429 U.S. at 105-106. Further, in asserting that Dr. Velez intended the medications for someone else, Plaintiff has not plausibly alleged facts to support a conclusion that Dr. Velez was subjectively aware of facts from which the inference could be drawn that a serious medical need existed, and that Dr. Velez also drew that inference and failed to respond. *Simmons,* 609 F.3d at 1018. Accordingly, Plaintiff's medical negligence claim under § 1983 is dismissed as to Dr. Velez.

### B. *Wellpath*

Plaintiff claims that Wellpath, as Dr. Velez's employer, violated Plaintiff's rights under § 1983 and the Eighth Amendment by subjecting him to prescription poisoning and medical neglect. SAC ¶ 19. Plaintiff bases his claim against Wellpath, it seems, on Dr. Velez's alleged deliberate or reckless indifference. As the Court explained in its previous Order, an entity "cannot be held liable under § 1983 […] solely because it employs a tortfeasor." To the extent that Plaintiff reasserts a vicarious liability claim against Wellpath for the alleged conduct of Dr. Velez, it is dismissed for failure to state a claim.

## II.   42 U.S.C. § 1983 – *Monell* Claim

Plaintiff's SAC added a "*Monell* claim" in which he alleges that Wellpath had a policy, custom, or practice that violated his Eighth and Fourteenth Amendment rights. *Id*. at ¶¶ 37-38; *see also Monell v. Dep't of Soc. Servs. of New York City*, 436

U.S. 658 (1978).  As held by the Supreme Court in *Monell,* to hold an entity liable for a constitutional violation, the plaintiff must show that the governmental entity had a policy which amounts to deliberate indifference, and which was the moving force behind the constitutional violation.  436 U.S. at 694.  The Ninth Circuit has held that *Monell* applies to suits against private entities providing healthcare in jail settings under 42 USC § 1983.  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-40 (9th Cir. 2012).

Plaintiff alleges that "Wellpath had a written or unwritten, policy, custom or practice of providing lax, deficient, negligent and inattentive medical care that constituted a deliberative indifference to the health and safety of inmates." SAC ¶ 37.

Defendants contend that "Plaintiff provides nothing more than threadbare recitals of the elements of a cause of action" insufficient under Rule 12(b)(6). MTD at 9.  Further, that Plaintiff's *Monell* claim should be dismissed because Plaintiff has failed to allege a constitutional violation, where Plaintiff has not plausibly demonstrated medical neglect amounting to the "deliberate indifference" standard for purposes of establishing an Eighth Amendment violation.  *Id*.  Additionally, Defendants contend that Plaintiff must plead the existence of a policy which was the "moving force" behind the constitutional violation, and that Plaintiff has alleged only that Wellpath has some "written or unwritten policy, or a custom, or a practice of providing medical care which is lax, or deficient, or negligent, or simply inattentive" which cannot provide the basis for an actionable Eight Amendment claim.

Page 7 – OPINION AND ORDER

In his response, Plaintiff does not rebut Defendants' arguments.

The Court agrees that Plaintiff's conclusory allegations will not do, nor will allegations of mere negligence or inattentiveness suffice to support a contention of deliberate indifference necessary to establish a constitutional violation caused by any policy Wellpath may employ. It is not enough for a § 1983 plaintiff merely to identify conduct attributable to the municipality, rather, the plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. *Bd. of Cnty. Comm'rs. v. Brown*, 520 U.S. 397, 404 (1997). That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Id*. Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *Connick v. Thompson,* 563 U.S. 51, 61 (2011). Accordingly, Plaintiff's claim under *Monell* against Wellpath is dismissed.

**III.    State Law Tort Claims**

As to Wellpath and Dr. Velez, Plaintiff brings claims under state law for: (1) medical negligence; intentional infliction of emotional distress; and negligent infliction of emotional distress. These claims are not actionable under § 1983. In its previous Order, the Court admonished Plaintiff that his Complaint had failed "make a showing that he has brought his tort claims according to the provisions" of the Oregon Tort Claims Act ("OTCA"). Order at 9, ECF No 7. In the SAC Plaintiff alleged

that he "sent a timely Notice of Tort Claim to Lane County." *Id.* at ¶ 17. Defendants do dispute that allegation.

### A.     *Medical Negligence*

Plaintiff's Complaint alleged that "Dr. Velez and medical staff committed medical negligence in its prescription poisoning of [P]laintiff" and that it caused injuries to his "mind, body, and soul, head, arms, shoulder neck, and the treatment fell below the proper medical standard of care in the community." Compl. at 6, ECF No. 1. In its prior Order, the Court instructed Plaintiff that he had failed to state any facts specifying how "medical staff other than Dr. Velez were medically negligent or involved in prescribing medications" to Plaintiff. Order at 10, ECF No. 7. Plaintiff's SAC adds an assertion that an unidentified "Wellpath nurse and/or medical assistant" was negligent in the "prescription poisoning." SAC ¶ 30.

To prevail on a medical negligence claim in Oregon, a plaintiff must establish "(1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) causation, i.e., a causal link between the breach of duty and the harm." *Swanson v. Coos Cnty.*, 2009 WL 5149265, Civ. No. 08–6312–AA, at *5 (D.Or.2009) (citing *Stevens v. Bispham*, 316 Or. 221 (1993).

Here, aside from allegations concerning Dr. Velez, Plaintiff does not provide facts to show how unnamed medical staff were negligent. Defendants contend that nurses and medical staff "are not responsible for prescribing medications." MTD at 7. Plaintiff responds stating that he "capitulate[s]" to this point. *See* Resp. at 2, ECF

Page 9 – OPINION AND ORDER

No. 33 (Plaintiff so stating, and requesting leave to file a fourth iteration of pleadings in which Plaintiff deleted reference to medical staff from the medical negligence claim). Based on Plaintiff's "capitulation," the Court dismisses any unnamed medical staff as to this claim.

As to Dr. Velez, Defendants do not argue that Plaintiff has failed to state a claim of medical negligence under Oregon law. Accordingly, Plaintiff's medical negligence claim against Dr. Velez survives.

### B.   *Intentional Infliction of Emotional Distress*

Plaintiff's third cause of action alleges an Oregon State law claim for intentional infliction of emotional distress (IIED). Plaintiff alleges that "Wellpath's nurse [or] medical assistant and Dr. Velez intentionally committed prescription poisoning" and that he suffered injuries to his "mind, body, and soul", constituting IIED. SAC ¶ 34a.

IIED, in Oregon, requires a plaintiff to plead and prove that: "1) defendant intended to inflict severe emotional distress on the plaintiff, 2) defendant's acts were the cause of the plaintiff's severe emotional distress, 3) defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McLean v. Pine Eagle Sch. Dist.*, No. 61, (D. Or. 2016) (citing *House v. Hicks,* 218 Or App 348, 357-58 (2008)). To satisfy the intent element of this tort, a plaintiff must allege that the defendant acted with the purpose of inflicting severe emotional or mental distress on the plaintiff. "It is not enough that [the defendant] intentionally acted in a way that causes such distress." *Patton v. J.C. Penney Co.*, 301 Or 117, 122 (1986).

Page 10 – OPINION AND ORDER

Here, Plaintiff has alleged that Wellpath and Dr. Velez intentionally committed "prescription poisoning" and that the ensuing injuries caused distress.

Defendants contend that Plaintiff does not allege that Wellpath or Dr. Velez acted with an intent to inflict severe emotional distress upon him and that the Court has already pointed out to Plaintiff in its prior Order that his allegations of an unintentional mis-prescription fail to satisfy the intentional conduct element of an IIED claim. *See* MTD at 8 (citing Order at 10, ECF No. 7). Plaintiff has done nothing to correct or fix this claim, except to add more language that Dr. Velez "mis-prescribed" the subject medications. SAC at ¶ 19.

Plaintiff does not respond to Defendant's arguments. *See* Resp., ECF No. 33. Rather than oppose the motion, Plaintiff's attached proposed amended pleadings deleting the text relating to "Wellpath's nurse [or] medical assistant;" and, also, inserting the allegation that "Dr. Velez intended to inflict severe emotional distress on Brown." *Id*. Ex. 1 ¶ 34a. Defendants point out that, though Plaintiff proposes an amendment asserting intent to inflict emotional distress, Plaintiff nevertheless supplied no new facts to support that allegation. Reply at 5.

As noted, the Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Iqbal*, 556 U.S. at 678. Plaintiff's SAC must contain more than "naked assertion[s,]" "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to state a claim for relief. *Bell*, 550 U.S. at 555-57. That is what Plaintiff did here by adding a few words containing some elements of an IIED claim, without providing facts that would support such a claim. Accordingly,

Page 11 – OPINION AND ORDER

Plaintiff's IIED claim against WellPath, its unnamed employees, and Dr. Velez is dismissed.

### C.  *Negligent Infliction of Emotional Distress*

Plaintiff alleges that the "conduct of WellPath and its employee Dr. Velez, committed medical negligence in its prescription poisoning of [P]laintiff and the ensuing emotional, psychological and physical injuries to his mind, body and soul, head, arms, shoulder neck, constituted Negligent Infliction of Emotional Distress." SAC ¶ 35.  Further, that "Dr. Velez negligently inflicted severe emotional distress on [Plaintiff], his acts were the cause of [Plaintiff's] severe emotional distress, and [Dr. Velez's] acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *Id*.

Oregon law allows the plaintiff to recover damages for emotional distress when a defendant negligently causes foreseeable, serious emotional distress that infringes on some other legally protected interest. *Philibert v. Kluser*, 360 Or. 698, 702 (2016). Freedom from physical harm is one such protected interest. *Id*. at 702.

Here, Defendants contend that the Court previously instructed Plaintiff to amend his pleadings to sufficiently allege an NIED claim against Wellpath. *See* MTD at 9 (citing Order at 11, ECF No. 7).  Defendant argues that because, after two chances to amend, Plaintiff has not articulated any facts supporting his assertion that Wellpath caused Plaintiff NIED, this claim should be dismissed as to Wellpath.

The Court determines that Plaintiff's SAC fails to allege any facts concerning how Wellpath negligently caused foreseeable, serious emotional distress.  Plaintiff

Page 12 – OPINION AND ORDER

states that it was Dr. Velez who prescribed medications to him, and that Plaintiff's physical injuries directly resulted from the side effects. Accordingly, Plaintiff's claim is dismissed as to WellPath. Defendants do not move to dismiss Plaintiff's NIED claim against Dr. Velez. Accordingly, Plaintiff's NIED claim against Dr. Velez survives.

## CONCLUSION

To summarize, all claims against Wellpath are DISMISSED and Wellpath is thus dismissed from this case. Plaintiff's surviving claims against Dr. Velez include (1) medical negligence and (2) NEID, both under Oregon state law. All other claims against Dr. Velez are DISMISSED. Accordingly, For the reasons explained, Defendants' first MTD, ECF No. 18, is DENIED as moot, and the MTD, ECF No. 30, is GRANTED.

IT IS SO ORDERED.

Dated this  21st  day of     February     2023.

                                                    /s/Ann Aiken

                                                 Ann Aiken
                                        United States District Judge