IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ANTHONY BROWN,** | Case No. 6:21-cv-01866-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| **LANE COUNTY; DR. ALFREDO VELEZ; NATHAN L. GENT; WELLPATH, LLC; JOHN/JANE DOES 1-5,** | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff Anthony Brown proceeds *in forma pauperis* ("IFP") in this civil rights action against Defendants Nathan Gent, and Lane County. Before the Court is Plaintiff's motion to extend discovery deadlines from March 15, 2024, until July 15, 2024. ECF No. 52. For the reasons explained, Plaintiff's motion to extend time for discovery, ECF No. 52, is DENIED.

### LEGAL STANDARD

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will

Page 1 – OPINION AND ORDER

not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The good cause standard requiring that a party must be diligent in seeking to modify a scheduling order includes no caveat or exception for when other motions are pending. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022) ("'The diligence obligation is ongoing' ... [and although] [t]he showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed... carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.") (internal citations omitted). That parties waited until the last minute to conduct discovery and have run into obstacles in timely completing that discovery is not good cause to extend deadlines. *See id.* When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

## DISCUSSION

The Court has extended discovery deadlines many times since Plaintiff filed his complaint in 2021. The Court extended discovery From July 26, 2022, to December 23, 2022. ECF No. 24. Again, the Court granted an extension of discovery from December 23, 2022, until May 22, 2023. ECF No. 32. From May 22, 2023, the

Court extended discovery until January 16, 2024. ECF No. 39. Finally, the Court granted an extension of discovery from January 16, 2024, until March 15, 2024. On March 14, 2024, Plaintiff filed a motion for extension of discovery, explaining that he had not yet been able to depose Nathan Gent and Lane County. ECF No. 52.

Plaintiff's counsel asserts that extension is warranted because he was ill in January 2024. ECF No. 53. Plaintiff did not propose dates for deposing Defendants Nathan Gent and Lane County until Defendants conferred with Plaintiff on their motion for summary judgment, filed on March 12, 2024. ECF No. 53; ECF No. 55. Plaintiff states that he will not be able to properly respond to that pending motion without deposing Defendants. ECF No. 53. Defendants oppose Plaintiff's motion for an extension of time. ECF No. 54.

Plaintiff's assertion that he was ill in January 2024 does not demonstrate good cause or provide evidence of any measure of diligence, especially when the Court considers the conduct displayed throughout the entire period of time already allowed. This is Plaintiff's case and Plaintiff has failed to schedule depositions for the lead Defendants for two years. Plaintiff only filed the motion for extension of time to depose Defendants after Defendants conferred with him on their motion for summary Judgement. Plaintiff failed to demonstrate that he acted diligently in seeking to extend the scheduling order to conduct discovery. This carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Plaintiff has failed to satisfy the good cause standard under Rule 16.

## CONCLUSION

For the reasons explained, Plaintiff's Motion to Extend the Time for Discovery, ECF No. 52, is DENIED.

IT IS SO ORDERED.

Dated this  5th  day of    June    2024.

_____/s/Ann Aiken\_

Ann Aiken
United States District Judge

Page 4 – OPINION AND ORDER